W. M. AGEY, Appellant,

v.

Ada RUSSELL, Administratrix of the Estate of Marvin W. Russell, Sr., Deceased, Appellee,

No. 5277.

Court of Civil Appeals of Texas.

El Paso.

May 21, 1958.

F. T. Gauen, Jr., Dallas, Murray J. Howze, Monahans, for appellant.

R. B. McGowen, Jr., R. T. Harris, Monahans, for appellee.

FRASER, Justice.

The appellant herein, who was plaintiff in the court below, brought suit against the defendant appellee, alleging that plaintiff had delivered a certain string of pipe, or casing, to Marvin W. Russell, Sr., and that such had been delivered under the terms of a rent-buyer contract. There was no written memorandum made of this transaction, and the defendant here is actually the estate of Mr. Russell, to whom plaintiff alleges that he sold or rented the string of pipe. There being no written contract, the situation, of course, from an evidentiary point of view became difficult because of Article 3716, Vernon's Ann.Civ.St., commonly known as the dead man's statute. Plaintiff was not allowed to prove up his conversations with the deceased, Mr. Russell, but did make certain allegations in his petition that the pipe was to have been returned to him or a proper rental paid. Defendant alleged that it was a straight purchase deal and that the pipe had been paid for. It was undisputed that Mr. Russell had paid Mr. Agey, the plaintiff, a check of $2,082.30 on October 25, 1955.

The jury, in answer to special issues, found that the deceased, Marvin W. Russell, Sr., purchased the oil field casing in question; that its reasonable market value was $1.50 per foot; that it had not been fully paid for, and that oil field casing of this type had no rental value in Ward County from on or about the 27th day of October, 1955, up to the present date.

On the basis of the jury's answers the court rendered judgment for the plaintiff in the sum of $31.69. This was based on the amount of the check plus certain sums agreed upon in open court stipulation, and an uncontested cross-action of $198, the court in his judgment stating that the check of $2,082.30 was to be allowed as a credit, or offset, of the purchase price. The appellant maintains that the court had no authority to find that this check was in part payment, and that there was no evidence to support such finding, and further that such finding was on a theory not pled by the defendant, and on a fact issue not submitted to the jury. Plaintiff also complains that the court erred in excluding plaintiff's proffered evidence (conversations between plaintiff and deceased) and maintains that it was not in contravention of Art. 3716, Vernon's Ann.Civ.St.

We have examined the record carefully, and agree that it is true that the evidence in this case was not voluminous, due to the circumstances. First of all we overrule the appellant's fourth point, and hold that the trial court was correct in his application of the provisions of Art. 3716, Vernon's Ann.Civ.St. as applicable to the facts in this particular controversy.

The other points will be discussed together, as they present more or less the same cause for complaint.

The receipt of the check for $2,082.30 was undisputed, as well as the delivery of the casing to the deceased. There was a notation on the check which said "On pipe account," also the deceased's employee testified that the amount of this check had been treated for income tax purposes as a purchase expenditure, when it would have been more advantageous to have treated it as a rental expenditure. The amount of the check was just a few hundred dollars short of what the jury found to be the total value of the pipe. We believe that there was sufficient evidence for the jury to make the findings it did, and we believe that the trial court was fully justified under Rule

279 to find and treat this payment as a part payment of the purchase price of the casing. We do not believe there is merit in the point that the matter was not pled, because defendant claims full payment as a defense, which of course includes within its confines the defense of partial payment. We believe the court has properly disposed of this controversy, and was within his discretion in treating the check as partial payment, and was correct in his application of the provisions of Art. 3716, Vernon's Ann. Civ.St. and we further find and believe that there is sufficient evidence to warrant the jury's finding that the transaction between plaintiff and deceased was a purchase. There is, of course, ample evidence to sustain the jury's finding that the value of the pipe was $1.50 a foot, which amounted to $2,862.

Appellant's points of error are therefore overruled, and the judgment of the trial court affirmed.